TotteN, J.,
delivered tbe opinion of tbe court.
It appears that Neal and Sellers, tbe plaintiffs in tbe court below, recovered judgment against Henry Pennington and said Colville, tbe latter as stayor, before a justice Eord, in "Warren county, on tbe 20th August, 1842? for ninety-five dollars and seventy-seven cents. An execution was issued thereon “to any lawful officer of Warren county,” on tbe 29th March, 1851. We assume that it was properly certified under the Act of 1805, cb. 66, § 4,- so as to form tbe basis of an execution in another county, to which tbe debtors may have removed. On tbe 29th April, 1851, an execution was issued on said judgment, by Justice Paine, in tbe county of Khea. It recites tbe judgment in Warren, but makes no reference to a certified execution thereon. We have bad occasion to say, that as this peculiar jurisdiction rests wholly upon tbe statute, its material provisions must be complied with, else tbe proceeding is unauthorized and void. Eason vs. Cummins, 11 Humph. R. 210; Morgan vs. Hannah, 11 Hum. R. 122.
A justice of Ehea has no power to issue an execution on a judgment before a justice in Warren, unless *91 an execution thereon, issued in the county of "Warren, be certified under the statute, to the county of Rhea. The execution so certified, stands as a judgment before the justice in the county of Rhea; and he must recite in his execution thereon, that it was issued on an execution certified from the county of Warren.
Prima facie, he has no jurisdiction of the matter, and his execution is void; but if it recite the special case provided by the statute, then the jurisdiction appears, and the execution is valid. No such recital appears in the present case, and the execution is therefore void. We cannot connect it by parol and extrinsic proof with the proceeding in Warren.
The judgment of the circuit court will be reversed; the motion of the plaintiff in error to quash the execution be allowed, and the execution be quashed.
Judgment reversed.